IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE C. CAMPBELL,

      Plaintiff,                    No. CIV S-07-1419 MCE KJM P

      vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

      Defendants.                <u>ORDER</u>

            Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

            Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

            Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff's complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of his Eighth Amendment claims against defendants Haythorne, Hague, Rodriguez, Rueller and Arnt. Therefore, the court will order service of process on these defendants. With respect to the other claims and defendants identified in plaintiff's complaint, plaintiff's complaint fails to state a claim upon which relief can be granted.

Plaintiff asks that this action proceed as a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

Finally, plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the

court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

        Accordingly, IT IS HEREBY ORDERED that:

        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3.  Service is appropriate for the following defendants:  Haythorne, Hague, Rodriguez, Rueller and Arnt.

        4.  The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed July 18, 2007.

        5.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a.  The completed Notice of Submission of Documents;

        b.  One completed summons;

        c.  One completed USM-285 form for each defendant listed in number 3 above; and

        d.  Six copies of the endorsed complaint filed July 18, 2007.

        6.  Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

/////

/////

/////

/////

7.  Plaintiff's request for class certification is denied.

8.  Plaintiff's request for the appointment of counsel is denied.

DATED:  January 9, 2008.

/s/ *[signature]*
U.S. MAGISTRATE JUDGE

1
camp1419.1(7.18.07)

4

1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MAURICE C. CAMPBELL,

11          Plaintiff,                    No. CIV-07-1419 MCE KJM P

12      vs.

13  CALIFORNIA DEPARTMENT OF              <u>NOTICE OF SUBMISSION</u>
    CORRECTIONS AND
14  REHABILITATION, et al.,               <u>OF DOCUMENTS</u>

15          Defendants.

16  _____/

17          Plaintiff hereby submits the following documents in compliance with the court's

18  order filed _____:

19          _____         completed summons form

20          _____         completed USM-285 forms

21          _____         copies of the _____
                                          Complaint
22  DATED: