IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE C. CAMPBELL,

        Plaintiff,                          No. CIV S-07-1419 WBS GGH P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,
_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's putative motion for a temporary restraining order, filed on 6/30/09.

        The court construes plaintiff's request that C-Facility staff at California State Prison- Sacramento (CSPS), including administrators as well as subordinates, be enjoined from impeding plaintiff in litigating his case as a request for a protective order. Matters that go to requests for procedures to be utilized within a litigation (if the requests are directed to a party) are not injunctive relief requests. Matters appropriate for injunctive relief go to the *merits* of an action. State of New York v. United States Metals Refining Co., 771 F.2d 796, 801 (3rd Cir. 1985). If there is no relation, it is not an injunctive relief situation. A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470,

1

471 (8th Cir.1994). In other words, Plaintiff must seek injunctive relief related to the merits of his underlying claim. Plaintiff's request to correspond with other inmates does not go to the merits of his complaint.

Local Rule 72-302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial. It has also been interpreted as authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or motions not involving injunctive relief. See also United States v. Raddatz, 447 U.S. 667, 673, 100 S. Ct. 2406, 2411 (1980) (magistrate judge may determine any pretrial matter except "dispositive" motions). Therefore, the fact that parties are directed in their activities by a magistrate judge cannot, without more, transform the matter at hand into an "injunctive" relief matter governed by § 636(b)(1)(B). See, e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period of non-compliance with discovery orders to ensure compliance). It is only when the "injunctive: relief sought goes to the merits of plaintiff's actions or to complete stays of an action that orders under § 636(b)(1)(A) are precluded. See, e.g., Reynaga v. Cammisa, 971 F.2d 414 (9th Cir. 1992).

In the instant case, plaintiff's request does not go the merits of plaintiff's case, the gravamen of which is that defendants Haythorne, Hague, Rodriguez, Ruller and Arndt[1] have subjected plaintiff to unsanitary food preparation, food handling and food service conditions at California State Prison- Sacramento in violation of the Eighth Amendment. See Complaint, filed on 7/18/07; see also, Order, filed on 1/10/08. Accordingly, this matter may be handled by court order.

Plaintiff states that CSPS C-Facility was placed on lockdown on 5/15/09, which restricted inmate movement and resulted in closure of the facility law library. Plaintiff complains

---

[1] The court has corrected the spelling of defendants' names in accordance with the spelling set forth in the answer (docket # 13).

that he was denied access to the courts on 5/21/09, when he asked a correctional officer (C/O), named J. Polich, to assist him in the copying of "pertinent documents" which were to be served before the discovery cut-off in the instant case, which was 5/22/09.² Plaintiff was evidently on his way to his deposition in the instant case, scheduled for 5/21/09. Apparently, C/O Polich spoke with his superiors, Corr. Sgt. Phelps and Corr. Lt. Clough, after which he still did not assist plaintiff. Plaintiff then asked another officer, C/O K. Lee, for help with the copies after Polich's watch ended, but Lee told plaintiff that Polich told him that the matter had been addressed and Lee was taking the word of his fellow officer over that of plaintiff. Motion, p. 1. Plaintiff adds, somewhat disjointedly, that he would like "to be free for from all unreasonable cell searches by these officials or their colleagues" without providing any specific information as to any such search that had been conducted. Motion, pp. 2-3.

Plaintiff contends that the failure of these officers to assist him in making copies of unspecified documents violated his constitutional rights. It is unclear what the documents which plaintiff sought to be copied were; it is also not evident when he first asked for the copies. It appears that plaintiff is saying that he sought copies of unspecified documents just one day prior to the end of his discovery deadline to be served upon defendants and on the very day that he was scheduled to be deposed, which were certainly be a belated effort. Even assuming that plaintiff's rights were thereby infringed, which plaintiff has not demonstrated on this showing, he provides no evidence that he would or could be similarly impeded by these officers in the future. His requests regarding cell searches, further unspecified harassment and generic allegations of retaliation that officers "are known for" (Motion, pp. 3-4) are wholly inadequately supported.

\\\\\

\\\\\

\\\\\

---

² The <u>Scheduling Order</u> in the instant case was filed on 12/23/08 (docket # 19), and set the discovery deadline at 5/22/09, and the pretrial motion deadline at 10/09/09.

1 Accordingly, IT IS ORDERED that plaintiff's motion for a temporary restraining
2 order, filed on 6/30/09 (docket # 25), construed as a request for a protective order, is denied.
3 DATED: July 14, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
camp1419.prt