UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MAURICE C. CAMPBELL,

        Plaintiff,

   v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

        Defendants.
                                /

NO. CIV. 07-1419 WBS GGH P

ORDER

----oo0oo----

Pursuant 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), plaintiff requests reconsideration of the Magistrate Judge's Order of July 7, 2009 ("July 7 Order") denying plaintiff's request for an extension of the discovery deadlines set by the December 23, 2008 Scheduling Order (Docket No. 19).

A district court must defer to a magistrate judge's non-dispositive order unless it is "'clearly erroneous or contrary to law.'" Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a)). The Magistrate Judge's July 7 Order was neither clearly erroneous

1

nor contrary to law.  In his request for an extension of the discovery deadlines, plaintiff made no attempt to demonstrate that, despite his diligence, he could not have served his untimely requests for document production by March 23, 2009--the deadline for discovery requests set by the Scheduling Order.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992) (providing that a party seeking to modify a Rule 16(b) scheduling order must make a showing of "good cause," a standard focusing on the diligence of the moving party).

          In his motion for reconsideration, plaintiff now argues for the first time that he was delayed in serving his requests because the Magistrate Judge had previously granted defendants a seventeen-day extension to respond to plaintiff's interrogatories, and his requests were based upon those responses.  (Pl.'s Mot. 8:7-15.)  Because plaintiff could have presented this argument in his request to the Magistrate Judge, he has improperly raised it for the first time in the instant motion for reconsideration of the Magistrate Judge's Order.  See Jones v. Sweeney, No. 04-6214, 2008 WL 3892111, at *2 (E.D. Cal. Aug. 21, 2008) (Ishii, C.J.) ("Motions for reconsideration and objections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief." (citing Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Rosenfeld v. U.S. Dep't of Justice, 57 F.3d 803, 811 (9th Cir. 1995); Nw. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988))).

          Even considering this new argument, plaintiff has failed to show "good cause" to modify the Scheduling Order.

According to the extension granted by the Magistrate Judge, defendants' responses to plaintiff's interrogatories were due on or before February 19, 2009.  (January 13, 2009 Order 1:19-20.)  After receiving those responses, plaintiff waited until April 5--nearly two weeks after the March 23 discovery deadline--to serve his production requests.  (Docket No. 22 at 1:27-2:1.)  Plaintiff provides no explanation for why he could not have served his requests by the March 23 deadline, or why he delayed until May 5 to file his request for an extension of the discovery deadline.  See Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (Burrell, J.) (explaining that Rule 16(b) requires diligence both in complying with the deadlines established by a scheduling order and in seeking amendment once it becomes apparent that compliance is not possible).

     IT IS THEREFORE ORDERED that plaintiff's request for reconsideration of the Magistrate Judge's July 7 Order be, and the same hereby is, DENIED.

DATED:  August 4, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE